Kennon, J.,
delivered the opinion of the court.
I. As to the first question raised by counsel, this court, in the case of Miller v. State, 3 Ohio St. 475, has already decided in favor of the constitutionality of the law, and being fully satisfied with that decision, we feel no disposition to reconsider it.
II. Is the statute, authorizing the probate judge to try the issue upon a plea of not guilty, constitutional? By section 5 of the bill of rights, in our present constitution, it is provided *that the right of trial by jury shall be inviolate. By section 10, it is-provided that in any trial, in any court, the party accused shall be allowed to have a speedy public trial by an impartial jury.
The. probate act confers certain criminal jurisdiction on the probate and then that, a plea other than a plea of *60 guilty, if the defendant does hot demand a trial by jury, the probate judge shall proceed to try the issue. Swan’s Stat. 732.
Hoes this act in any sense interfere with the right of trial by a jury? If the act had provided, in express terms, that the accused might have his own choice of two modes of trial, either by the court or jury, as he might think proper, and if he supposed the court the safer mode of trial, should expressly waive his right of trial by jury, and request that the court should try the issue, it would be hard to see how his fight of trial by jury was violated. The provision of the constitution was intended to limit the power of the legislature in this particular, and prohibit it from depriving the accused of the right to have a jury of twelve impartial men to pass on his guilt or innocence. That right still exists; all he has to do is to demand a jury trial, and the law awards it to him; but if he will not demand such trial, then the law authorizes the judge to try the issue. The law says to the accused, in language which can not be misunderstood, “ if you wish to exercise your right to a jury trial, your right can not be violated; but if you would rather not be tried by a jury, you can waive that right, and be tried by the court. If you do not demand a jury, you shall be considered as waiving your right.” The accused does not demand a jury, but submits to be tried by the court; and after trial, and after he is found guilty, says “I have been deprived of my right of jury trial.” But who deprived him of that right? Surely, not the court nor the statute: he has clearly waived his right, and then claims that the law is unconstitutional and void because it permitted him to do so.
*We are of opinion that the statute deprived him of' none of his constitutional rights, and is therefore not unconstitutional.
The judgment is affirmed.